**PAX COMPUTER ASSOCIATES, INC., Plaintiff,**

v.

**BENDATA, INC., Defendant.**

No. 96–CV–686.

United States District Court, N.D. New York.

Feb. 14, 1998.

Pattison, Sampson, Ginsberg & Griffin, P.C., Troy, NY (Lambert L. Ginsberg, of counsel), for Plaintiff.

Proskauer Rose L.L.P., New York City (John Siegal, of counsel), for Defendant.

**MEMORANDUM, DECISION & ORDER**

McAVOY, Chief Judge.

**I. Background**

Plaintiff Pax Computer Associates, Inc. ("Pax") brought this diversity action against defendant Bendata, Inc. ("Bendata") to recover damages for Bendata's alleged breach of a software-training services contract. Pax argued an agreement was reached whereby Pax and Bendata would essentially share clients, prospect lists, and perform some marketing functions together. Bendata argued no agreement was reached, and contended it merely provided Pax with a letter of intent to consider Pax's proposal, and that Bendata would never have agreed to work with Pax because it did not make "business sense."

Pax brought claims ostensibly sounding in breach of contract, breach of a preliminary agreement to negotiate in good faith, unjust enrichment and promissory estoppel. It sought actual damages and future lost profits. The case was tried to a jury in November of 1997. At the close of all the evidence, only the breach of contract claim was submit-

ted for the jury's consideration. On November 21, 1997, the jury found for the plaintiff and awarded actual damages in the amount of $13,346.49. The jury did not award future lost profits.

Plaintiff now moves, pursuant to Fed. R.Civ.P. 59, for a new trial on the issue of damages.

## II. Discussion

### A. Standard

Plaintiff argues the damages awarded by the jury are inadequate because they are less than the damages plaintiff actually incurred and proved at trial.

■ A new trial generally is warranted when "the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir.1987); *see Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 132 (2d Cir.1986). A new trial on damages is "justified 'when the jury's verdict is less than the damages plaintiff actually has incurred and proven by *undisputed* evidence.' " *United States Football League v. Nat'l Football League*, 644 F.Supp. 1040, 1054 (S.D.N.Y.1986) (emphasis added) (quoting *Caskey v. Village of Wayland*, 375 F.2d 1004, 1008 n. 4 (2d Cir.1967)), *aff'd*, 842 F.2d 1335 (2d Cir.1988).

### 1. Actual Damages

■ Plaintiff first argues the jury's award of actual damages is far less than the damages actually incurred and proved by undisputed evidence at trial. The Court disagrees.

Plaintiff primarily takes issue with the jury's failure to award damages for (1) $11,000 of salary expenditures for plaintiff's president Ruth Weippert, and (2) $9,000 in salary for employee Erica Weippert. Plaintiff contends the salaries were incurred in reliance on the contract. This contention, however, was far from undisputed at trial. First, Pax points to no evidence in the record that Ruth Weippert's salary was paid solely in reliance on any contractual promise by Bendata. Second, Bendata adduced evidence at trial

that Pax incurred a significant portion of Erica Weippert's salary expenses during the period September through November of 1995, well after Bendata's breach. The jury thus was entitled to conclude that the necessary element of reliance was absent as to such expenditures. *See Deutsch v. Health Insurance Plan of Greater New York*, 573 F.Supp. 1433, 1442 n. 20 (S.D.N.Y.1983).

Moreover, plaintiff's contention that it introduced undisputed evidence that two laptop computers were purchased in reliance on the contract is without merit. At trial, Ruth Weippert admitted the first laptop was purchased well before Pax even proposed a contract to Bendata. Tr. at 151. In his reply affidavit, plaintiff's counsel concedes the first computer was purchased only for the purpose of "mak[ing] the Bendata proposal." Affidavit of Lambert L. Ginsberg at ¶ 6. Other testimony by Ruth Weippert indicated the computers were not purchased solely for the Bendata contract. *See* Tr. at 152 ("The laptops were purchased to allow us to go on the road, do demonstrations, *one of which was the Bendata proposal*, and to do training and the on-site service that we needed to do.") (emphasis added). Indeed, Pax continued using the computers for other projects after the Bendata proposal fell apart. *Id.* at 152–53.

In short, the jury's finding of actual damages is neither seriously erroneous nor a miscarriage of justice. Furthermore, Pax fails to show the amount awarded is less than that proved by "undisputed" evidence at trial. Pax's motion therefore is denied in this respect.

### 2. Future Lost Profits

■ Pax also argues the jury erred in failing to award damages for future lost profits, again contending "undisputed" evidence of such damages was adduced at trial. The Court again disagrees. The issue of future lost profits was perhaps the *most* disputed issue at trial. Moreover, the jury was instructed with respect to the stringent standard of proof for such damages under New York law:

First, it must be demonstrated with reasonable certainty that such damages have

been caused by the breach and, second, the alleged loss must be capable of proof with reasonable certainty. In other words, the damages may not be merely speculative, possible or imaginary but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes ... In addition, there must be a showing that the particular damages were fairly within the contemplation of the parties to the contract at the time it was made.

*Kenford Co. v. County of Erie*, 67 N.Y.2d 257, 502 N.Y.S.2d 131, 132, 493 N.E.2d 234, 234–35 (1986). Bendata also adduced evidence from which the jury reasonably could conclude Pax was a new business, making a future lost profits award even more difficult to prove:

If it is a new business seeking to recover for loss of future profits, a stricter standard is imposed for the obvious reason that there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty.

*Id.*

Ultimately, the issue of future lost profits was a contested issue of fact for the jury to decide. Again, the Court is unable to conclude the jury's finding as to such damages is erroneous in any respect. Moreover, the record is clear that such damages were far from undisputed. Accordingly, the motion for a new trial as to future lost profits is denied.

### III. Conclusion

For all of the foregoing reasons, it is hereby

**ORDERED**, that plaintiff's motion for a new trial on the issue of damages is **DENIED**.

**IT IS SO ORDERED.**